UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION # 1:08-CV-11048

| | |
|---|---|
| SEAN NOBILE, | ) |
| | ) |
| PLAINTIFF, | ) |
| v. | ) |
| | ) |
| ESSEX COUNTY SHERIFF'S DEPARTMENT | ) |
| -and- | ) |
| FRANK G. COUSINS, JR. | ) |
| -and- | ) |
| MICHAEL MARKS | ) |
| -and- | ) |
| CORRECTIONAL MEDICAL SYSTEMS | ) |
| -and- | ) |
| NAPHCARE, INC. | ) |
| -and- | ) |
| WAYNE WARD | ) |
| -and- | ) |
| BRADFORD W. NOLL, MD | ) |
| | ) |
| DEFENDANTS. | ) |

**CONSOLIDATED RESPONSE AND MEMORANDUM IN SUPPORT OF PLAINTIFF SEAN NOBILE'S REQUEST FOR DENIAL OF DEFENDANT NAPHCARE, INCORPORATED'S OBJECTION TO THE MAGISTRATE JUDGE'S RECOMMENDATION DENYING NAPHCARE INCORPORATED'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW PLAINTIFF SEAN NOBILE** and hereby submits the following consolidated Memorandum of Law in Support of his Opposition, Response, and Request for Denial of Defendant NaphCare Incorporated's Fed. R. Civ. P. 72(b) Objection to the Magistrate Judge's Recommendation **[denying]** Defendant's Motion for Summary Judgment.

Plaintiff respectfully reiterates its prior position that there are genuine issues of material fact to be tried, and, that the care rendered to the Plaintiff by Defendant was as substandard and inadequate as that of NaphCare's predecessor. Defendant NaphCare relies on the August 29, 2009 Stipulation for Ongoing Care of Plaintiff (Defendant's Exhibit B) to buttress its argument. The Stipulation to which the Defendant refers, was drafted as a result of the repeated failure to medically treat the Plaintiff, and was an attempt by counsel to memorialize "some," "basic" medical treatment plan; all in attempt to ameliorate the Plaintiff's conditions and medical necessities. In said Stipulation, various medical supplies were to have been provided to the Plaintiff by the Defendant. Plaintiff has always contended that the Stipulation was not adequately followed or acknowledged by medical or supervisory personnel, to Defendant's great harm.

In its latest filing the Defendant now contradictorily contends (i) Plaintiff has not "formally alleged that it violated the Stipulation," (Defendant's Objection, page 2), but conversely (ii), "in his Opposition to the motion for summary judgment, [Plaintiff Nobile] asserts that NaphCare 'summarily ignored' the stipulation." (Defendant's Objection, Page 5).

Defendant obfuscates and disregards the factually significant gaps in time and failures in treatment within which (as previously stated) Plaintiff was, among other atrocities, "rinsing out his colostomy bag in the toilet"

2

and [painfully] laying for lengthy periods of time in the bodily secretions oozing from various parts of his body. Often, his clothing was so tainted that it was [eventually] placed in a "biohazard" bag and discarded by the institution. **The decision of the Magistrate Judge should not be reversed**; Defendant's logic is contradictorily specious at best, and is the very essence of the instant, factual dispute. As the Court has correctly delineated in its denial of Summary Judgment dated February 18, 2010:

> There is one area of disputed material fact, and that is in terms of the medical supplies Nobile received while under NaphCare's medical care. It is undisputed that Naphcare knew about Nobile's pre-existing medical conditions, namely his colostomy bag for voiding feces and Indiana pouch for voiding urine. Because of his medical conditions, the plaintiff required certain supplies to maintain and care for himself, specifically 4x4 pads or the equivalent to change the colostomy bag and Indiana pouch (#79 Exh. E; #82, Ex. 2). Nobile's journal reflects that he frequently requested such supplies, that he frequently did not receive any, and consequently was forced to use t-shirts and bed sheets to prevent his drainage from leaking everywhere. (#82, Ex. 2) Without being given the proper supplies or an adequate amount of supplies, there would be little Nobile could do to care for himself and he would be left to wallow in his own discharge raising an obvious grave risk of infection and/or illness. **It is a question of fact for the jury to decide** whether NaphCare, with knowledge of Nobile's medical conditions, provided the plaintiff with an amount and/or type of requisite medical supplies that were so "clearly inadequate as to amount to a refusal to provide essential care." (Citations omitted) (*Report and Recommendation on Defendant Naphcare, Inc.'s Motion for Summary Judgment (#77)*; p. 17 (Emphasis added)

Defendant has provided nothing but a reiteration of its previous arguments (in new form) suggesting to the Honorable Court that Summary Judgment *is* indeed appropriate, and that the Magistrate Judge's Report and Recommendation dated February 18, 2010 should be set aside. Plaintiff continues to oppose.

1. **STANDARDS OF REVIEW**

The Parties have appeared before the Honorable Court on several occasions relative to Defendant's Motion for Summary Judgment and Motion to Dismiss. Numerous pleadings have been filed by the Defendant; the Plaintiff has responsively Opposed such filings.

### a. Summary Judgment:

> Summary judgment serves "to pierce the pleadings and to assess the proof in order to see whether there is a genuine issue for trial ." *Johnson v. Gordon*, 409 F.3d 12, 16-17 (1st Cir.2005) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). A party should be granted summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The movant must put the ball in play, averring 'an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Pursuant to the Local Rules of this Court, a party moving for summary judgment must "include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation." LR 56.1. Id.

> "When the nonmovant bears the ultimate burden of proof on a given issue, he must make a factual showing, by means of competent and specific evidence, sufficient to establish the essential elements of his claim." *Johnson*, 409 F.3d at 17 (citing *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir.1991)). The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must-by affidavits or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). And, like the movant, the opposing party is required by the local rules to submit its own statement of material facts as to which it contends a genuine fact dispute exists. *See* LR 56.1. Facts proffered by a party in a Local Rule 56.1 Statement and not opposed by the other side may be deemed admitted. *See, e.g., Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 102 (1st Cir.2003).

> The summary judgment record is viewed in the light most favorable to the non-moving party, and all reasonable inferences are drawn in that party's favor, *see Mariani-Colon v. Dep't of Homeland Sec. ex. rel. Chertoff*, 511 F.3d 216, 221 (1st Cir.2007), but if a party wishes the Court to consider evidence in support of its claim, it must be referenced in its Local Rule 56.1 Statement. The Court is not required to sift through the summary

4

judgment record to marshal evidence in support of a party's claims or arguments.

After careful scrutiny and analysis, the Honorable Magistrate Judge (Collings, J.) **denied** the Defendant's Motion. Defendant renewed its objection.

### (b) Defendant's Fed. R. Civ. P. 72 Objection:

As pertains hereto, Fed. R. Civ. P. 72 (b)(3) states the following:

**(b) Dispositive Motions and Prisoner Petitions:**

**(3) *Resolving Objections.*** The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. (See: e.g.: *Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.*, S.D.Tex.1994, 844 F.Supp. "Magistrate judge may only make recommendations as to dispositive motions; district judge, upon de novo review, makes final decision.")

The "District court [shall] review [the] United States Magistrate Judge's report and recommendation for **clear error**, on matters as to which objecting party had purported to incorporate "facts by reference [included in prior briefs] as if set out fully in this objection"; purported incorporation by reference did not constitute "specific written objections" required by governing rule. Edwards v. Niagara Credit Solutions, Inc., N.D.Ga.2008, 586 F.Supp.2d 1346, 584 F.3d 1350.

Previously submitted in Plaintiff's Opposition was a passage from his daily journal:

5

> My stomach is killing me; I'm bleeding and the pain is unbearable. This is like torture! I had a rough night; I was in a lot of pain, my drainage was the same as usual (heavy) and my stomach is really hurting me. Also, the Neurontin I'm getting for my phantom pain is not working. My hernias are huge. I was up all nite [sic] with severe stomach pain. Then I went to the infirmary to get medical supplies and they said that they still don't have my stuff (September 19, 2008). I've been waiting for my colostomy wafers for about 2 weeks. I will fill out a few new slips to see the Dr. on Monday and see if he can help me. (September 20, 2008): Same Sh**! No sleep, heavy drainage, severe pain in my stomach and leg. My hernias are killing me. The medical staff sucks; I still don't get enough 4x4 pads and nothing is being done! The real reason I didn't have my bracelet was because when I woke up this morning, I was covered in Sh*tty drainage. So, I took my bracelet off while I cleaned myself up. My phantom pain is horrible, it keeps me up all nite [sic] until I am so exhausted that I finally pass out. But then when I do wake up from the pain that I am in, I am covered in blood and shi**y mucus [sic] from my penis and my rectum. The smell is disgusting. And as I bend over to pull my prosthetic leg on I drain clumps of bloody, shi**y mucus, from both orifices and as I bend over my hernia's [sic] are squeezed in between my stomach and my left thigh, and this causes me additional severe pain. Then, I have to clean myself up and change my clothes again. This is my daily routine. My abdomen has a sharp throbbing pain all day and when I move around, blood and mucus leak out of my penis and rectum (usually through my underwear and down my leg) "very embarrassing to me." My stomach feels like there is a steel ball in it that is rolling around smashing into all my other organs; it is so bad that my eyes tear up and I have to clench my teeth to bear it. This lasts all day, everyday.

The Defendant cites its medical entries [the record] which in total, suggest a rather sporadic, wholly lacking provision of medical care and supplies. In retrospect, the Defendant seems to contend that its care is equivalent to that of the Mayo clinic, when in reality, the care it has rendered to the Plaintiff was in total disregard of the most basic medical standards.

**As Plaintiff previously stated,** Fed.R.Civ.P. 12(b)(6) requires the court to accept as true all factual allegations outlined in the complaint with all reasonable inferences made in favor of the non-moving party. *Miree v. Delkab County*, 433 U.S. 25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Mitchell v. Archibald and Kendall, Inc.*, 573 F.2d 429 (7th Cir.1978) (stating

6

standard relative to motion to dismiss). **The court may not dismiss the complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."** Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam) (citations omitted), reh'g denied, 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); (Emphasis added).

A claim under Section 1983 against a municipality may rest upon a custom or policy of failing to train the municipal officers. In order to establish the existence of such a custom, the plaintiff must allege, at a minimum, deliberate indifference in the training, recruitment, supervision or discipline of municipal employees. "Such a showing requires that the municipal decision makers knew or should have known of the officers' misconduct, and that they failed to take reasonable measures to rectify the situation." Hathaway v. Stone, 687 F.Supp. 708, 710 (D.Mass.1988). It is reasonable to infer the allegation that the defendant's failure to investigate the claims of the plaintiff, ameliorate his condition, of which it had knowledge, such as the plaintiff's requests for assistance from attending medical personnel constitutes the type of failure to supervise or to take reasonable measures to rectify the reported harms that warrant the denial of its Objection to the Magistrate's Recommendation.

Plaintiff reargues that *genuine issues of material fact* exist, *amounting to deliberate indifference to Plaintiff's serious medical needs*

*precluding summary judgment in his § 1983 suit alleging violations of his Eighth Amendment rights.* U.S.C.A. Const.Amend. 8; 42 U.S.C.A. § 1983. <u>Navedo v. Maloney et al.</u> 172 F.Supp.2d 276 (2001). In the instant case, Plaintiff alleges constant, untreated pain, and continuously oozing bodily fluids, comprise the very essence of deliberate indifference or reckless disregard in the provision of medical care and supplies to a prisoner.

**WHEREFORE,** Plaintiff respectfully requests that in light of the reasons contained herein, that the Defendant's Objection to the Magistrate's Recommendation be denied.

Respectfully Submitted,
Sean Nobile
By his Attorney

DATED: March 21, 2010

*/s/Bradford Eliot Keene*
Bradford Eliot Keene, Esquire
BBO# 629440
7 Kimball Lane – Suite B
Lynnfield, MA  01940
781-246-4545
Email:  BKMogul@aol.com

### CERTIFICATE OF SERVICE

I, Bradford Eliot Keene, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as on registered participants on March 21, 2010.

*/s/Bradford Eliot Keene*
Bradford Eliot Keene, Esquire